# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **Jeffrey Scott,** | § § § |
| Plaintiff, | § Civil Action No. 1:21-cv-00059 § |
| v. | § § |
| **MoneyGram Payment Systems, Inc.,** | § **Jury Trial Demanded** § |
| Defendant. | § § § |

## AMENDED COMPLAINT

**Jeffrey Scott** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **MoneyGram Payment Systems, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Iowa and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Iowa.

4. Venue is proper under 28 U.S.C. § 1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Cedar Rapids, Iowa 52402.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 2828 North Harwood Street. Dallas, Texas 75201.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

**FACTUAL ALLEGATIONS**

10. At all times relevant hereto, Plaintiff maintained a cellular telephone number ending in 7225.

11. Plaintiff registered that number on the FTC's Do Not Call list on around August 20, 2010.

12. Plaintiff registered his number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

13. Plaintiff has only used the aforementioned cell phone for residential purposes.

14. Despite registration on the Do Not Call list, and despite the fact that Plaintiff never consented to receive messages from "MoneyGram Payment Systems" or any similar business, Defendant sent text messages to Plaintiff on his cell phone beginning in or around November 2020 regarding services to send/receive money.

15. Defendant's text messages contained generic and clearly pre-scripted messages

in English and Spanish.

16. An example of an English language text message Defendant sent Plaintiff is: "MoneyGram: ring in the new year with 40% off int'l transfer fees using code MGNYE21! Send now…"

17. Plaintiff received such solicitation text messages from Defendant on instances including but not limited to:

- November 13, 2020 at 2:07 pm;
- November 16, 2020 at 11:04 am;
- November 29, 2020 at 10:02 am;
- November 29, 2020 at 2:38 pm CST;
- December 4, 2020 at 10:21 am CST;
- December 14, 1:12 pm CST; and
- January 7, 2021 at 12:15 pm

18. Plaintiff did not request information from Defendant regarding its services.

19. The texts were generic and clearly pre-scripted in nature.

20. The fact that Plaintiff received a high volume of those generic text messages led him to believe the texts were part of a text message "blast" which are sent using an automatic telephone dialing system opposed to individualized text messages, which are sent manually.

21. Upon information and belief, when contacting Plaintiff, Defendant used a dialing system which had the capacity to store or call/text phone numbers using a random or sequential number generator.

22. Upon information and belief, Defendant maintains a stored list of 10 digit telephone numbers of consumers in its database for communication purposes.

- 3 -

PLAINTIFF'S AMENDED COMPLAINT

23. Upon information and belief, Defendant utilize a "predictive dialing system" which interfaces with software and databases which have the capacity to generate numbers randomly or sequentially.

24. The dialing system used by Defendant call/text phone numbers stored in those databases.

25. Accordingly, Defendant's dialing systems have the capacity to dial numbers using a random or sequential number generator.

26. Upon information and belief, Defendant's dialing systems include equipment which dials from the stored list of 10 digit consumer telephone numbers.

27. Defendant's dialing systems employ computer code and/or algorithms which result in it randomly or sequentially generating numbers in order to select and dial the stored 10-digit consumer telephone number from the list.

28. Furthermore, Defendant's dialing systems use computer code and/or algorithms to determine the orders/sequence of calls/texts to be automatically dialed.

29. The operation of the random/sequential number generator, referred to above results in Defendant's dialing system automatically placing calls/texts to the 10 digit telephone numbers in Defendant's stored list(s).

30. Plaintiff believes and avers that Defendant sent text messages to him with an automatic telephone dialing system.

31. While Plaintiff has not had the benefit of discovery, he intends to prove Defendant utilized an automatic telephone dialing system in the course of discovery.

32. Defendant's texts were not made for "emergency purposes".

33. Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of his privacy.

34. Specifically, Plaintiff works in a warehouse and sometimes receives critical text messages related to work.

35. Furthermore, Plaintiff sometimes receives critical family-related text messages from his children.

36. The text messages from "MoneyGram" were unwanted and unimportant, yet because Plaintiff sometimes receives work and family related texts during the day, he stopped working and opened the text messages, which caused disruption and irritation.

37. Plaintiff also felt an invasion of privacy due to a company with whom he had no business or relationship repeatedly communicating with him soliciting money.

38. Plaintiff registered his number on the Do Not Call list to obtain solitude from such unwanted calls and texts.

39. The fact Plaintiff took that affirmative step to obtain solitude in the way prescribed by Congress and still received such unwanted solicitation text messages caused him to experience a sense of powerlessness.

40. The frustration, disruption, sense of loss of privacy, feeling of powerlessness and annoyance was a real concrete injury incurred by Plaintiff at the hands of Defendant.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)**

41. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

42. The TCPA prohibits placing calls/texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

43. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

44. The dialing system used by Defendant to text Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

45. The dialing system used by Defendant to text Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

46. Defendant's calls were not made for "emergency purposes."

47. Defendant's texts to Plaintiff's cellular telephone were without any prior express consent.

48. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 20, 2010.

49. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

50. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

51. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)**

52. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

53. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered their telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

54. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since August 20, 2010.

55. Defendant texted Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

56. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

57. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

58. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jeffrey Scott,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Jeffrey Scott**, demands a jury trial in this case.

Respectfully submitted,

Dated: 08/26/2021

By: /s/ Joel E. Fenton
Joel E. Fenton, Esq. AT0011280
Law Offices of Joel E. Fenton, PLC
309 Court Avenue, Suite 224
Des Moines, IA 50309
Phone: (515) 480-1542
Facsimile: (866) 604-6341
Email: joelfentonlaw@gmail.com

Attorney for Plaintiff, Jeffrey Scott

**CERTIFICATE OF SERVICE**

I, Joel Fenton, Esq. hereby certify that a true and correct copy of the foregoing has been served upon all counsel of record via ECF on August 26, 2021.

*/s/ Joel Fenton*